# UNITED STATES of America, Plaintiff–Appellee,

v.

# McLloyd ONUOHAH, Defendant–Appellant.

No. 03–50943.
Conference Calendar

United States Court of Appeals, Fifth Circuit.

DECIDED: April 20, 2004.

Joseph H. Gay, Jr., Assistant US Attorney, US Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

McLloyd Onuohah (Onuohah) appeals his sentence for one count of wire fraud and two counts of mail fraud, violations of 18 U.S.C. §§ 1343 and 1341. Onuohah argues that the district court misapplied the United States Sentencing Guidelines and erred in denying him a minor role adjustment pursuant to U.S.S.G. § 3B1.2.

Section 3B1.2 provides for a two-point reduction in the offense level if the defendant was a minor participant. *See* U.S.S.G. § 3B1.2. A "minor participant" is defined as one who is substantially "less culpable than most other participants, but whose role could not be described as minimal." *See* U.S.S.G. § 3B1.2, comment. (n.5). As Onuohah was directly involved in finding suppliers for the fraudulent checks and directly involved in delivering the checks to the person who was to negotiate them, his role in the offense cannot be said to have been "peripheral to the advancement of the illicit activity." *See United States v. Thomas,* 932 F.2d 1085, 1092 (5th Cir.1991). Accordingly, the district court did not clearly err in refusing to adjust Onuohah's offense level under U.S.S.G. § 3B1.2. *See United States v. Deavours,* 219 F.3d 400, 404 (5th Cir.2000).

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.